IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DOUGLAS ROLAND DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-145 |
| | ) | |
| JEFFERSON COUNTY LAW | ) | |
| ENFORCEMENT CENTER, and Others; | ) | |
| GARY HUTCHENSON, Sheriff of Jefferson | ) | |
| County, Georgia, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Rogers State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events at the Jefferson County Jail. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

   **A.   Background**

In his complaint, Plaintiff names as Defendants Jefferson County Law Enforcement Center and Gary Hutchenson, Sheriff of Jefferson County .(Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On an unspecified date, Plaintiff was incarcerated at the Jefferson County Jail. (Id. at 6.) While incarcerated, Plaintiff told the jail's nurse he required thirty-five units of 70/30 insulin twice per day for his diabetes. (Id. at 7.) The nurse only injected Plaintiff with eight units of the required insulin and his blood sugar soared to 400 milligrams per deciliter as a result. (Id.) After being injected, Plaintiff repeatedly requested more insulin from jail officials. (Id.) Later that day, he started throwing up violently. (Id.) The nurse came to his cell and remarked she thought he was having symptoms of drug withdrawals and did not treat him. (Id.)

Sometime later that day, another shift of jail officials arrived, and Plaintiff informed them he needed medical attention. (Id. at 8.) After hours of delay, Plaintiff was placed in a van and transported to the emergency room where he was diagnosed with Diabetic Ketoacidosis. (Id.) At this point, Plaintiff's blood sugar levels were over 800 milligrams per deciliter. (Id.) The doctor at the emergency room told Plaintiff that he needed to be airlifted to the Medical College of Georgia. (Id.) However, no helicopters were available, and Plaintiff was transported by ambulance. (Id.) At the hospital, he was immediately placed in the intensive care unit where he remained for a few days. (Id.) After being released, he returned to the Jefferson County Jail where he was released on bond. (Id.) Plaintiff requests compensatory and punitive damages as a result of the jail officials' deliberate indifference. (Id.)

### B. Leave to Amend Complaint.

Here, Plaintiff's allegations do not allow the Court to conduct a meaningful initial review of his complaint. In his statement of the claim, Plaintiff does not name a single individual defendant, much less describe how they were personally involved in the alleged constitutional violations. (Id. at 6-9.) Further, Plaintiff's complaint is devoid of important factual details such

as the date of his imprisonment at the Jefferson County Jail , the date of his treatment at Georgia Regents Hospital, the source of his belief that he required thirty-five units of 70/30 insulin twice per day, and why the nurse administered one-fifth of that amount. (Id.)

The Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure the pleading deficiencies outlined above by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within twenty-one days of the date of this Order.[1] If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while

---

[2]For example, Plaintiff should not simply state, "See attached documents."

4

this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 25th day of February, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA